UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

INTERNATIONAL UNION OF PAINTERS
AND ALLIED TRADES DISTRICT COUNCIL
NO. 78 HEALTH & WELFARE FUND, ET AL.,

        Plaintiffs,

vs.                                              Case No.8:05-cv-1661-T-24TGW

HARRY ARGYROS, JR., ET AL.,

        Defendants.
_____/

**ORDER**

        This cause comes before the Court on Plaintiff's Motion for Rehearing on Order Granting Harry Argyros, Jr. Summary Judgment on Plaintiffs' Breach of Fiduciary Duty Claim. (Doc. No. 82).  Defendants oppose the motion.  (Doc. No. 83).

**I.  Standard of Review**

        Plaintiffs bring this motion pursuant to Federal Rule of Civil Procedure 59.  "A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" Wendy's International, Inc. v. Nu-Cape Construction, Inc., 169 F.R.D. 680, 684 (M.D. Fla. 1996)(quoting Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla. 1993)). There are three "grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  Id. at 684 (citations omitted).  However, "reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and

conservation of scarce judicial resources." Id. at 685.

Rule 59(e) is not "a vehicle for raising issues or citing authorities the party could or should have presented prior to the court's ruling. In addition, it is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Id. at 686. (citation omitted).

## II.  Background

Plaintiffs Union, Trust Funds, and Trustees of the Trust Funds have sued Defendant Mid South Glass Company of Tampa Bay, Inc. ("Mid South") for delinquent contributions allegedly owed under collective bargaining agreements, pursuant to ERISA and the Labor Management Relations Act. Plaintiffs also have sued Defendant Harry Argyros individually (Mid South's owner and president) for breach of ERISA fiduciary duties in connection with the non-payment of the contributions allegedly owed. Argyros filed a motion for summary judgment on Plaintiffs' breach of fiduciary duty claim, and the Court granted Argyros' motion. (Doc. No. 81). Thereafter, Plaintiffs filed the instant motion.

## III.  Summary Judgment Order

Argyros moved for summary judgment on Plaintiffs' breach of fiduciary duty claim, arguing, among other things, that he lacked notice of his alleged fiduciary status under the trust documents governing the Trust Funds or the potential for individual liability due to his alleged fiduciary status. For the purpose of his motion for summary judgment, Argyros assumed that the alleged amendments to the trust documents made unpaid, owed employer contributions assets of the Trust Funds. However, it is undisputed that Argyros never saw the Trust Funds' trust and plan documents, or the amendments thereto, prior to this litigation. The Court found that Argyros could not be held liable in his individual capacity for breach of fiduciary duty, because

he lacked notice of his alleged fiduciary status or that the unpaid, owed contributions were assets of the Trust Funds.  The Court rejected Plaintiffs' argument that Argyros should be imputed with the knowledge of the terms of the trust documents, because Argyros never saw the trust documents and he did not sign the collective bargaining agreements, which referenced the trust documents, in his individual capacity.

### IV.  Motion for Rehearing

In the instant motion, Plaintiffs argue that the Court erred by granting Argyros' motion for summary judgment on the basis of his lack of notice of his fiduciary status.  Specifically, Plaintiffs argue that ITPE Pension Fund v. Hall, 334 F.3d 1011, 1012 (11th Cir. 2003), provides two ways to impose fiduciary duties on officers–either through clear contractual language or through clear, shared intent of the parties–and the Court ignored the fact that there was clear contractual language in this case that made unpaid, owed contributions assets of the Trust Funds, which gave rise to Argyros' fiduciary status.

The Court rejects Plaintiffs' argument that rehearing is warranted in this case.  Plaintiffs are simply re-arguing the arguments that the Court rejected and disagreeing with the Court's decision.  Plaintiffs have not shown that any of the three grounds justifying reconsideration of an order exist.

Furthermore, even if the Court reconsidered Plaintiffs' arguments, the Court's decision to grant summary judgment to Argyros would remain the same.  The Court did not ignore the contractual language in this case.  Rather, the Court found that before a fiduciary duty is imposed on a person, that person should know or have reason to know of the contractual language that gives rise to the fiduciary duty.  Since it is undisputed that Argyros did not know, nor did he

have a reason to know, of the language in the trust documents (since he had never been given the trust documents), he could not be on notice regarding his fiduciary status. This interpretation is not inconsistent with Hall, as this Court interprets Hall's two ways of imposing a fiduciary duty on officers to be based on a single notion–notice. Before fiduciary duty is imposed on an officer, he must have notice, either through clear contractual language or clear, shared intent of the parties. Argyros, individually, was not a party to the collective bargaining agreement, and as such, he had no knowledge of the language of the trust documents that were referenced in the collective bargaining agreements. To impute such knowledge to Argyros under the facts of this case would be inconsistent with Hall, in which the court stated:

> A person should not be attributed fiduciary status under ERISA and held accountable for performance of the strict responsibilities required of him in that role, if he is not clearly aware of his status as a fiduciary: "If ERISA did not limit the definition of fiduciaries to those with knowledge of their authority and discretion, then persons or entities could become subject to fiduciary liability without notice. Such a result would not only be unfair, but it would also disserve a core purpose of ERISA, which is to create a system whereby accountable fiduciaries are motivated by their accountability to protect the interests of participants in ERISA plans."

Id. at 1015 (quoting Herman v. NationsBank Trust Co., 126 F.3d 1354, 1366 (11th Cir. 1997)).

**V. Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Rehearing (Doc. No. 82) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 31st day of May, 2007.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record

4